UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **HERBERT DOUGLAS,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | No. 3:25-CV-00540-LS |
| § | |
| **RUDOLPH FREIGHT INC.** and § | |
| **CONTRACT FREIGHTERS INC.** § | |
| **D/B/A CFI,** § | |
| § | |
| *Defendants.* § | |

## ORDER TRANSFERRING CASE TO PECOS DIVISION

Today, the Court considered this case. Plaintiff Herbert Douglas alleges in his complaint that this case arises from a collision that occurred in Culberson County, Texas.[1] Culberson County falls within the Pecos Division of the Western District of Texas.[2]

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may order transfer of a case *sua sponte*.[3] When deciding whether to transfer venue, the district court should consider factors such as:

> (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interests decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law".[4]

---

[1] ECF No. 1 at 2.
[2] 28 U.S.C. § 124(d)(6).
[3] *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020).
[4] *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

These factors apply to transfers between divisions as well as transfers from one district to another.[5]

This case could have been brought in the Pecos Division of the Western District of Texas.[6] The Court determines, after application of the factors, that the Pecos Division is the more convenient forum. Sources of proof will be easier to access in the division where the accident occurred. Compulsory process to secure the attendance of witnesses may not be available in the El Paso Division because of the distance from Culberson County. And it will likely be more convenient for witnesses to travel to the Pecos Division, rather than El Paso. None of the parties in the case, including Plaintiff, have any connection to the El Paso Division.[7] The rest of the factors are neutral or inapplicable.

Therefore, the Court orders that the Clerk of the Court transfer this case to the Pecos Division of the Western District of Texas.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 19, 2025.

                                   **LEON SCHYDLOWER**
                                   **UNITED STATES DISTRICT JUDGE**

---

[5] *Id.*
[6] *See* 28 U.S.C. § 1391(b)(2) (stating that a "civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").
[7] ECF No. 1 at 1.